57 F.3d 1061
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 William J. ROBINSON, Plaintiff, Appellant,
v.
David P. TONIS, ET AL., Defendants, Appellees.
 No. 94-2316
 United States Court of Appeals,
First Circuit.
 June 14, 1995
 
 William J. Robinson on brief pro se.
 Frank A. Smith, III and Frank A. Smith III & Associates, P.C. on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 
 PER CURIAM
 
 1
 The court did not abuse its discretion in first denying plaintiff a continuance and later dismissing plaintiff's action with prejudice when plaintiff did not appear for trial. Plaintiff had sufficient notice of the trial date and adequate time to prepare. Plaintiff's hope or expectation that his case would not be tried until mid-November was unjustified, for it was quite possible throughout that the intervening case would settle. Consequently, plaintiff should have been ready to proceed when the case did settle.
 
 
 2
 Plaintiff argues that dismissal with prejudice was too harsh because he had not exhibited a pattern of delay (instead, he had duly appeared at all prior conferences) and because, plaintiff believes, defendant would not have been prejudiced had plaintiff been permitted to reinstate his case. We disagree. A continuance had been properly denied, the jury had been empaneled, and trial was scheduled to proceed when plaintiff failed to appear. The district court was well within its discretion in concluding that plaintiff's disregard for the court's scheduling order warranted the harshest sanction. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 691-92 (1st Cir. 1993); Barreto v. Citibank, 907 F.2d 15, 16 (1st Cir. 1990) (dismissal warranted to deter litigants from misconduct impeding the court's ability to manage its limited resources).
 
 
 3
 We reject plaintiff's attack on the court's allowance of costs to defendant. Even if-as plaintiff asserts-defendant agreed not to seek costs if plaintiff discontinued his case, plaintiff essentially repudiated that agreement by moving to vacate the court's order of dismissal and to set his case for trial.
 
 
 4
 Affirmed.